74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barry SMYTH, Plaintiff--Appellant,
v.
LAKEWOOD, City of; William D. Barnes, Sargeant, City of
Lakewood peace officer and individually; Michael J. Ott,
Agent, City of Lakewood peace officer and individually;
Mark Dietel, City of Lakewood peace officer, and
individually and John and Jane Does A thru Z, Defendants--Appellees.
 No. 95-1026.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting appellees' motion for summary judgment, dismissing pro se appellant Barry Smyth's case, which he brought pursuant to 28 U.S.C.1983. Smyth appeals on the grounds that the district court erred by not informing him of the complexity of the issues presented by the summary judgment motion, by refusing his request for time to obtain criminal trial tapes, and by inadequately notifying him about discovery deadlines and the requirement of timely responses. Smyth further alleges that the district court erred in failing to rule on his motion to strike various documents and pleadings related to this case. Smyth finally appeals on the grounds that the district court erred in applying the law and made incorrect determinations on the facts. We affirm.
 
 
 3
 Initially appellees filed a motion to dismiss this appeal, alleging that Smyth's notice of appeal was not filed timely. This motion is without merit. The district court judgment was entered on the docket November 23, 1994. Appellant timely served a motion to reconsider on December 8, 1994. Excluding intervening holidays and weekends, the motion to reconsider was within the period prescribed by Fed.R.Civ.P. 6(a). The district court denied the motion to reconsider in an order dated December 12, 1994. The order was not entered on the court's docket until December 15, 1994. Thus, the notice of appeal had to be filed 30 days from December 15, 1994. Fed. R.App. P. 4(a)(1). Thirty days from December 15, 1994 was January 14, 1995, which was a Saturday. The notice of appeal was filed on Tuesday, January 17, 1995, the day following a Monday holiday. Under the provisions of Fed.R.Civ.P. 6(a), the last day of the period shall be included in the computation period unless it is a Saturday, Sunday, or a legal holiday. Accordingly, the notice of appeal in this case was timely filed.
 
 
 4
 The issues in this case all relate to events that arose out of an incident in which defendant Sergeant Barnes pulled Smyth over for a driving violation. Smyth disputes many of the facts relating to that incident. On a motion for summary judgment, we view all material factual disputes in the light most favorable to the non-moving party. In addition, we construe pro se appellant's pleadings liberally. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994). Smyth brought this action under 28 U.S.C.1983, alleging that his constitutional rights were violated by several actions of the defendant officers, including a failure to read him his rights, forcing him to be fingerprinted and photographed, allowing him only three phone calls, refusing to allow him lay counsel, requiring him to produce his driver's license, false arrest, an unreasonable search of his car, an unlawful order to stay in his car, and a series of other alleged incidents involving his treatment following the detention. Smyth was convicted in Lakewood Municipal Court of disobeying a lawful order, interference with a police officer, and failing to yield in a traffic violation. These convictions were the result of the incidents that now form the basis for appellant's civil rights complaint.
 
 
 5
 Appellees filed a motion for summary judgment on the grounds that the defendants were entitled to qualified immunity as a matter of law. Smyth failed to respond to the motion for summary judgment and therefore failed to provide allegations or facts sufficient to show that the defendants had violated clearly established law. In a motion for summary judgment, it is the nonmoving party's burden to show that there are genuine issues of material fact to be determined. Celotex Corp. v. Catrett, 477 U.S. 317, 320 (1986). Because pro se complaints must be construed liberally, Fisher, 38 F.3d at 1147, the magistrate judge and the district court, even in the absence of a response from appellant, reviewed the complaint in the light most favorable to the appellant, and construed it liberally in an effort to discern whether any disputes of material fact would preclude the entry of summary judgment against appellant. The magistrate judge recommended and the district judge adopted the finding that the complaint failed to allege a violation of appellant's constitutional rights and therefore that summary judgment in favor of the appellees was appropriate. We agree with the district court. We have thoroughly reviewed the complaint, considering the allegations in the light most favorable to appellant and construing the complaint liberally. We find no allegations that rise to the level of violations of Smyth's constitutional rights. The magistrate judge and district court thoroughly examined all of the issues presented by the complaint, and applied the correct standards and law. We affirm the grant of summary judgment for substantially the reasons given by the magistrate judge and adopted by the district court. We GRANT in forma pauperis status, GRANT the certificate of probable cause, DENY appellees' motion to dismiss for lack of jurisdiction, and AFFIRM the order of the district court.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3