**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Damon Keith FISHER, Defendant– Appellant.**

**No. 94–6078.**

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1994.

Submitted on the briefs: *

Vicki Miles–LaGrange, U.S. Atty., Edward J. Kumiega, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

Damon Keith Fisher, pro se.

Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Damon Keith Fisher, appearing pro se, appeals the district court's denial of his petition to "vacate, set aside or correct sentence" pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291.

On January 7, 1992, an agent with the Oklahoma Department of Wildlife Conservation arrested Defendant and another individual for hunting with a spotlight. During the arrest, the agent asked the two to identify themselves. At that time, Defendant, who was the passenger in the truck, falsely identified himself as Daniel C. Moody. The agent then searched the individuals' truck and found a Ruger M77 .22–250 rifle. After citing both individuals for hunting with a spotlight, the agent released them from custody.

Approximately one week later, the agent learned that Defendant had falsely identified himself at the earlier arrest. The agent further learned that Defendant, Damon Keith Fisher, was wanted by law enforcement authorities in Arizona and Oklahoma, although the record is not clear as to what the underlying charges were. After gathering this information, the agent, together with several other law enforcement officials, arrested Defendant in Enid, Oklahoma on January 18, 1992. At the time of his arrest, Defendant was in possession of 14 rounds of

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

.22–250 caliber ammunition and 18 rounds of .22 caliber ammunition.

Based upon these facts, in February 1992, the federal grand jury returned a two-count indictment charging Defendant with: (1) unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and (2) unlawful possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). Subsequently, Defendant pleaded guilty to count two of the indictment and count one was dismissed under the plea bargain agreement. Prior to sentencing, a presentence report was prepared in which it was determined that Defendant was eligible for sentencing under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). *See id.* (specifying a minimum of fifteen years imprisonment and maximum of $25,000 fine for one who violates 18 U.S.C. § 922(g) and has three previous convictions). The report specified Defendant had four prior violent felony convictions—three Oklahoma burglary convictions and one Arizona burglary conviction. Because Defendant qualified for sentencing under the ACCA, his total offense level under the guidelines was determined to be level 31, with a criminal history category of IV. *See* U.S.S.G. § 4B1.4(b), (c). The presentence report further calculated Defendant's guideline imprisonment range as 180 to 188 months. Using this calculated range, the district court sentenced Defendant to 180 months imprisonment, to be followed by three years supervised release. Defendant did not appeal his sentence.

In April 1993, Defendant filed a petition to "vacate, set aside or correct sentence" under 28 U.S.C. § 2255. In this motion, Defendant argued his sentence should be vacated due to: (1) ineffective assistance of counsel; (2) double jeopardy; and (3) lack of jurisdiction. The magistrate's report concluded that Defendant's ineffective assistance of counsel claim was meritless and that Defendant's other two grounds for relief were procedurally barred. The district court adopted the magistrate's report and entered an order denying Defendant's motion. This appeal followed.

■ In this appeal, Defendant appears to have raised six grounds for relief based on ineffective assistance of counsel: (1) counsel failed to raise a jurisdictional error; (2) counsel advised Defendant not to appeal; (3) counsel talked Defendant into pleading guilty; (4) counsel should have questioned the government's dismissal of count one of the indictment; (5) counsel used undue influence to cause Defendant to plead guilty; and (6) counsel advised Defendant that he had no defense at trial and no grounds for appeal.[1] We review Defendant's ineffective assistance of counsel claims de novo. *United States v. Clonts,* 966 F.2d 1366, 1369 (10th Cir.1992).

■ In his first claim of ineffective assistance of counsel, Defendant contends the district court lacked jurisdiction to convict him under 18 U.S.C. § 922(g)(1) because his possession of ammunition was not forbidden under Oklahoma state law.[2] Defendant points out that under Oklahoma law, a convicted felon is prohibited from possessing only pistols, sawed-off shotguns or rifles or other dangerous weapons that can easily be concealed.[3] Thus, he argues that because his

---

1. Defendant has failed to present his double jeopardy claim on appeal and therefore Defendant has waived this issue and the district court's resolution of this issue stands. *See United States v. Cook,* 997 F.2d 1312, 1316 (10th Cir.1993). Moreover, Defendant raises three new issues in this appeal: (1) the ammunition was seized illegally, (2) the ammunition was not his, and (3) 18 U.S.C. § 924(e)(1) was wrongfully applied. Because Defendant raises these claims for the first time in this appeal, we decline to consider them. *See United States v. Mendoza–Lopez,* 7 F.3d 1483, 1485 n. 2 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1552, 128 L.Ed.2d 201 (1994).

2. Defendant's voluntary plea of guilty does not foreclose this jurisdictional challenge. *See Unit-*

ed States v. Davis, 900 F.2d 1524, 1525 (10th Cir.) (guilty plea waives all non-jurisdictional defects), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).

3. The pertinent statute, Okla.Stat.Ann. tit. 21, § 1283 (West Supp.1994) states:

   **§ 1283. Convicted felons prohibited from carrying firearms—Exceptions.**
   A. It shall be unlawful for any person having previously been convicted of any felony in any court of a state or of the United States to have in his possession or under his immediate control, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun,

possession of the .22–250 rifle under Oklahoma law was legal, by necessary implication, his possession of ammunition was also legal.

However, Defendant's argument misses the point. Defendant was convicted under 18 U.S.C. § 922(g)(1), which forbids "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition." Under 18 U.S.C. § 921(a)(20), courts must look to state law only to determine if a defendant has been convicted of a felony and if so, whether his conviction has been set aside, expunged, or for which he has been pardoned or had his civil rights restored. *Id.; United States v. Driscoll,* 970 F.2d 1472, 1480 (6th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1056, 122 L.Ed.2d 362 (1993). In other words, if the defendant has been convicted of a felony under state law and has not had his civil rights restored for that offense, then the defendant can properly be convicted for possession of ammunition under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law. *Cf. United States v. Thomas,* 991 F.2d 206, 215 (5th Cir.1993) (if defendant is convicted felon and has not had his civil rights restored, then whether or not state prohibits possession of firearms is irrelevant), *cert. denied,* — U.S. —, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993).

▮ Defendant has, *inter alia,* three prior felony convictions in Oklahoma. Defendant apparently argues that his civil rights have been restored for these convictions. We disagree. Under Oklahoma law, Defendant, as a convicted felon, is prohibited from serving on a jury. Okla.Stat.Ann. tit. 38, § 28(B)(6) (1990). Defendant's inability to serve on a jury means that he has not had his civil rights fully restored for his Okla-

homa felony convictions. *See United States v. Maines,* 20 F.3d 1102, 1104 (10th Cir.1994) (defendant must be restored his rights to vote, seek and hold public office, and serve on a jury before his civil rights are considered "fully restored").[4]

Because Defendant is a convicted felon under Oklahoma law and because he has not had his civil rights restored, we conclude Defendant was properly convicted under federal law for possession of ammunition. Having concluded that Defendant was properly convicted under federal law, we further hold that the failure of Defendant's counsel to raise Defendant's "jurisdictional" challenge was not ineffective assistance of counsel.

▮ In addition, we reject Defendant's argument that the rule of lenity necessitates a decision in his favor in the instant case. We conclude § 922(g)(1) is clear on its face in its prohibition of ammunition possession; thus, the rule of lenity is inapplicable. *Cf. United States v. Metzger,* 3 F.3d 756, 759 (4th Cir. 1993), *cert. denied,* — U.S. —, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994) (rule of lenity not applicable because § 922(g)(1) is clear on its face in its prohibition of possession of firearms).

▮ Finally, we reject each of Defendant's five additional arguments in support of his ineffective assistance of counsel claim. Although we must liberally construe Defendant's pro se petition, *see Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments. *Id.* (conclusory allegations insufficient to support claim).

---

sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile.... For the purposes of this section, "sawed-off shotgun or rifle" shall mean any shotgun or rifle which has been shortened to any length.

4. We note that we recently stated in dictum that "it appears that Oklahoma is one of those states that automatically restore a prisoner's civil rights upon completion of the sentence." *United States*

*v. Sanders,* 18 F.3d 1488, 1490 (10th Cir.1994). This is not the case. Oklahoma does not allow its convicted felons to serve on a jury. Okla.Stat. Ann. tit. 38, § 28(B)(6) (1990). Oklahoma also does not allow its convicted felons to hold a state or local public office for fifteen years following completion of their sentence. Okla.Stat.Ann. tit. 26, § 5–105a (1991). Therefore, we now hold that Oklahoma is not one of the states that automatically restores civil rights to its convicted felons when their sentence is served.

For all of the foregoing reasons, the decision of the district court is AFFIRMED.