76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick John MCATEE, Plaintiff-Appellant,
v.
Judy UPHOFF, Duane Shillinger, Jack J. Sexton, Carl
Voigtsberger, Blake Smith, Stan James and Ron
Ruettgers, individually and in their
official capacities,
Defendants-Appellees.
 No. 94-8101.
 United States Court of Appeals, Tenth Circuit.
 Jan. 10, 1996.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the report and recommendations of the magistrate judge, and dismissing appellant's civil rights complaint with prejudice pursuant to 28 U.S.C.1915(d). Pro se appellant Patrick John McAtee appeals, arguing that the district court erred in dismissing the complaint with prejudice and in allegedly applying improper standards to McAtee's claims.
 
 
 3
 We liberally construe all of the allegations in appellant's original complaint and raised on appeal in this court. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994). In his brief on appeal, McAtee alleges that the district court failed to apply the proper liberal construction standards to appellant's pleadings in the district court. We disagree. It is clear from the magistrate judge's report and from the district court's order that both of them reviewed carefully the allegations of the complaint and construed those allegations most liberally in appellant's favor. Both the magistrate judge and the district judge determined that even under the most liberal construction, appellant had failed to state a claim, that the case was frivolous, and that it should be dismissed. We agree.
 
 
 4
 All of the issues raised on appeal here relate either to disciplinary proceedings in the Wyoming State Penitentiary or to alleged deprivations of property relating to the confiscation of appellant's computer. Appellant brought this action pursuant to 42 U.S.C.1983; however, the magistrate judge correctly found that none of the allegations in the complaint rise to the level of stating a deprivation of constitutional rights. Appellant has failed to allege any facts that would amount to deliberate indifference on the part of the prison officials or unreasonable conduct that would rise to the level of constitutional violations. The state of Wyoming clearly provides adequate procedures to assure the return of property that is either negligently or intentionally converted. Wyo. Stat. 1-39-101, et seq. When an adequate state remedy exists, no cause of action under 1983 will lie. McAtee's other allegations relate to matters left to the sound discretion of prison administrators. Determinations by prison administrators with respect to internal disciplinary matters are only reviewable when they clearly violate a reasonableness standard or shock the conscience of this court. The magistrate judge and district court were clearly correct in finding that none of the allegations in this case rise to that level.
 
 
 5
 We further agree with the magistrate and district judge that this case is frivolous and therefore affirm the dismissal under 28 U.S.C.1915(d).
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3