**Filed 9/23/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

NAPOLEAN JAMES,

      Petitioner - Appellant,

v.

R. MICHAEL CODY; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 96-6170

W.D. Oklahoma

(D.C. No. CV-95-0362-R)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered

submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Napoleon James was found guilty of first degree murder in Oklahoma state court and sentenced to life imprisonment. The jury found James guilty of killing his infant daughter by shaking her. James' conviction was affirmed on direct appeal and his request for state post-conviction relief was denied. Respondent acknowledges that James has properly exhausted his state remedies.

James filed an amended petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. He alleged: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) that the trial court erred by failing to define for the jury all elements of the offense; and (4) that the trial court erred by failing to instruct the jury on the lesser-included offense of Second Degree Manslaughter. The magistrate judge found that no evidentiary hearing was warranted and that James had failed to state any cognizable claims for federal habeas relief. The district court determined that James had only objected to the magistrate judge's recommended denial of an evidentiary hearing. It found no evidentiary hearing was warranted, adopted the uncontested portions of the magistrate judge's recommendation, and denied the petition. James filed a notice of appeal on May 17, 1996, and the district court denied a certificate of probable cause. James appeals the denial of an evidentiary hearing and denial of the certificate of probable cause.[1]

_____

[1]On appeal, James asserts for the first time that his rights under the Equal Protection Clause of the Fourteenth Amendment were violated because of poor access to

(continued...)

Because James' application for a certificate of probable cause was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 102, 110 Stat. 1214 (to be codified at 28 U.S.C. § 2253(c)(2)), we construe his appeal as an application for a certificate of appealability under the Act, and must determine whether he has made a "substantial showing of the denial of a constitutional right." Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). We review the district court's denial of an evidentiary hearing under an abuse of discretion standard. Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996).

To state a claim for ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that counsel's inadequate performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 691 (1984); United States v. Carr, 80 F.3d 413, 417 (10th Cir. 1996). While we are required to construe a pro se petitioner's application liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), "we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.

[1](...continued)
the courts at Lexington Correctional Facility. James did not raise this claim in his petition for writ of habeas corpus, and the district court did not consider it. Therefore, we will not address this claim on appeal. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992); Chase v. Crisp, 523 F.2d 595, 597 (10th Cir. 1975), cert. denied, 424 U.S. 947 (1976).

1994). Here, James simply lists conclusory allegations against his trial and appellate counsel, but fails to articulate facts necessary to show that his trial or appellate counsel fell below an objective standard of reasonableness or that their representation prejudiced him in any way.

James asserts he was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel because the district court erroneously determined that his claim was procedurally barred by his failure to raise the issue on direct appeal in Oklahoma. We have held that Oklahoma's rule barring ineffective assistance of counsel claims not raised on direct appeal is not an adequate state ground to bar the claim on federal habeas review. Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995). However, the district court also addressed the merits, and denied the evidentiary hearing on the ground that James had failed to make any showing that ineffective assistance of his trial or appellate counsel prejudiced him in any way. We conclude that the district court did not abuse its discretion in denying James' evidentiary hearing based on his failure to allege sufficient facts to support his ineffective assistance of counsel claims.

For the foregoing reasons, and substantially for the reasons set forth in the magistrate judge's report and recommendation and the district court's memorandum opinion and order, we conclude that Mr. James was not entitled to an evidentiary hearing on his petition, and has also failed to make a "substantial showing of the denial of a

constitutional right," and accordingly, we DENY petitioner's application for a certificate

of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge