**Filed 10/4/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 96-6151 |
| v. | W.D. Oklahoma |
| GALA SUE HOOD, also known as Gala Sue Harris, Sue McGowan, Janice Hood, Gala Sue Coddington, Gala Coddington, Gala Sue Sevall, Sue McGowan, Gala McGowan, Gayla Sue Hood, Gala Sue Hood, Dale Goodson, Gala Sue Caddington, Sue Caddington, | (D.C. No. CIV-96-459-C) |
| Defendant - Appellant. | |

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Gala Sue Hood appeals the district court's summary dismissal of her pro se motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. She contends that the district court erred in finding that she was procedurally barred from collaterally attacking her sentence. For the reasons stated below, we deny the certificate of appealability and dismiss the appeal.

On July 14, 1994, Hood pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. 841(a)(1). The terms of her plea agreement limited her drug quantity involvement to 400 -700 grams of methamphetamine. Although the Presentence Investigation Report noted greater quantities, the actual sentence calculation was based on the agreed maximum.[1] On November 28, 1994, the district court sentenced Hood at the low end of the applicable range and advised her of her right to appeal. No appeal was taken.

---

[1]The guidelines provide a base offense level of 28 for trafficking in 400-700 grams of methamphetamine. USSG §2D1.1. In her brief to us, Hood acknowledges that, in connection with her plea agreement, she admitted purchasing one ounce (28.35 grams) of methamphetamine a week, when available, for approximately seven months. Appellant's Br., at p. 6 con't. According to our calculations, this admission (28.35 grams x 28 weeks) translates to an involvement in the distribution of a maximum of 793.80 grams of methamphetamine. That admitted quantity would qualify for a higher offense level than she received under her agreement.

On March 22, 1996, Hood filed this action seeking relief from her sentence. She contended that the district court erred in imposing a sentence that was based upon a greater drug quantity than was reasonably foreseeable under USSG §2D1.1(A)(3)(c).[2] The district court ruled that she was procedurally barred and dismissed the action.

We review de novo the district court's ruling on legal issues in a § 2255 motion. See United States v. Cook, 49 F.3d 664, 665 (10th Cir. 1995). As the district court correctly noted, Hood may not use a § 2255 motion to test the legality of matters which should have been raised on direct appeal. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). Only if she can show "cause and prejudice," may Hood collaterally attack her sentence on grounds which she could have raised on direct appeal. Id.

In her motion below, Hood made no attempt to show cause for her failure to raise her present claim on direct appeal. In her brief to us, Hood makes a general statement that a direct appeal was not perfected through a misunderstanding with her counsel. However, Hood points to no particular deficiency of counsel in this misunderstanding. Moreover, Hood's present claim of error is wholly unsupported by the record which clearly demonstrates that only the stipulated drug quantity was used for sentencing

---

[2]Hood also contended that an extraordinary physical impairment, unknown at the time of sentencing, entitles her to a downward departure from the guideline range pursuant to USSG §5H1.4. Section 2255 permits a prisoner to collaterally attack a sentence which was imposed in violation of law, or in the absence of jurisdiction, or in excess of the maximum authorized by law. The deterioration of a prisoner's physical condition following sentencing is not a basis for bringing a § 2255 motion.

purposes.  Under the circumstances, we cannot find that her counsel's failure to appeal

constituted ineffectiveness.  Conclusory allegations of ineffective assistance of counsel do

not warrant relief.  <u>See</u> <u>United States v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994).

Hood has failed to make a substantial showing of the denial of a federal right

required for the issuance of a certificate of appealability.  It is therefore ordered that

1)  Hood's application for a certificate of appealability is DENIED.

2)  The appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge