**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1997**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JULIO SANKITTS,

        Plaintiff - Appellant,

v.

RAY EVANS, Superintendent of Unicor;
HARDY CAHIN, Factory Manager of
Unicor,

        Defendants - Appellees.

No. 96-1454

(D. Colorado)

(D.C. No. 96-S-1826)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Julio Sankitts, a federal prisoner, appeals from a September 10, 1996, district court order dismissing without prejudice his civil rights complaint. The district court dismissed the complaint after Sankitts failed to comply with a July 31, 1996, court order directing him to correct the following deficiencies within thirty days: (1) Sankitts' motion to proceed pursuant to 28 U.S.C. § 1915 did not include a certified copy of his prisoner's trust fund statement for the six-month period immediately preceding the filing; (2) the court had not received an original and a copy of the complaint, nor an original and a copy of the § 1915 motion; and (3) the court had not received sufficient copies of the attachments to the complaint to serve each defendant.

On appeal, Sankitts alleges that he complied with the district court order requiring him to correct the deficiencies, and that he "informed the Clerk that if anything else needed to be corrected, to please contact him." Appellant's Br. at 1. Sankitts provides no support for these conclusory allegations, and does not explain what actions he purportedly took to correct the deficiencies. Furthermore, the district court record does not reflect any response by Sankitts in the thirty-day period provided by the district court for compliance. Under such circumstances, we have no reason to doubt the accuracy of the record, or the district court's finding that Sankitts failed to correct the deficiencies. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting appellant's allegations as "conclusory in nature and without supporting factual averments"). We note, however,

that because the dismissal was without prejudice, Sankitts is free to pursue his complaint by refiling in compliance with all local rules.

For the foregoing reasons, we determine that this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and we AFFIRM the district court order dismissing Sankitts' complaint.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge