**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES H. GORDON,

        Petitioner-Appellant,

    v.

RON WARD, Director of the
Department of Corrections,

        Respondent-Appellee.

No. 04-6157

W. D. of Okla.

(D.C. No. CV-03-1351-M)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. [**]

Petitioner-Appellant James Gordon, a state prisoner appearing pro se, filed

a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C.

§ 2254 (2000). Upon the magistrate judge's recommendation, the district court

denied Gordon's petition. The district court also denied Gordon a certificate of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

appealability (COA).  *See* 28 U.S.C. § 2253(c)(1) (2000) (providing that a petitioner may not appeal the denial of habeas corpus relief from a state detention unless he first obtains a COA).  Gordon now seeks to appeal the district court's ruling.  For the reasons that follow, we deny Gordon's COA and dismiss the appeal.

## Background

An Oklahoma state court convicted Gordon of larceny of merchandise from a retailer in violation of Okla. Stat. tit. 21, § 1731 (1993).  Gordon appealed the conviction and the Oklahoma Court of Criminal Appeals (OCCA) affirmed.  Subsequently, the state district court denied post-conviction relief and the OCCA upheld the ruling.

Thereafter Gordon filed the instant § 2254 petition in federal district court.  In the district court, Gordon claimed: (1) the state trial court erroneously instructed the jury on flight; (2) the prosecutor impermissibly used a peremptory challenge on the basis of race; and (3) the trial and appellate attorneys provided ineffective assistance of counsel.  After adopting the Report and Recommendation of the magistrate judge and rejecting additional grounds put forward by Gordon to support his ineffective assistance of trial counsel claim, the district court denied the petition.

## Discussion

On appeal and in his application for a COA from us, Gordon now asserts for the first time that there was insufficient evidence to support his conviction and that he was denied a fair trial because of comments made by the prosecutor. In addition, Gordon asserts that the district court applied the wrong law and incorrectly determined the facts in rejecting his ineffective assistance of counsel claims. [1]

### The Insufficient Evidence Claim

Gordon's first claim is that there was insufficient evidence to support his conviction based on the value attributed by the trial court to the items he stole. More particularly, Gordon claims that he was convicted of stealing a comforter that the testifying Loss-Prevention Officer, Sara Holley, valued at $145, that Gordon testified that the comforter was valued at $29.99 in the J.C. Penney catalog prior to the theft, and that aside from the testimony of Holley, there was no evidence presented at trial that the value of the comforter was $145.

Generally, a federal appellate court does not consider an issue not raised in the lower court. *See Hill v. Kansas Gas Serv. Co.*, 323 F.3d 858, 866 (10th Cir. 2003) ("[A]bsent extraordinary circumstances, we do not consider arguments raised for the first time on appeal.") (citation omitted). Gordon did not raise his

---

[1]Gordon does not appeal the district court's determination with respect to his jury instruction and peremptory challenge claims.

sufficiency of the evidence claim before the district court, nor did he do so in front of the Oklahoma state courts. Furthermore, he offers no explanation for his failure to do so. As a result, we decline to reach the merits of the claim. [2]

## The Prosecutorial Misconduct Claim

Gordon also argues for the first time on appeal that he was denied the right to a fair trial when the prosecutor "commented about 'reasonable doubt' compared to 'beyond a shadow of a doubt,' and other improper comments." Though Gordon asserted before the district court that the prosecutor behaved impermissibly in allegedly excluding a potential juror based on race, Gordon did not argue that the prosecutor's comments during trial were constitutionally deficient. Gordon has made no attempt to justify not addressing this argument to the district court. Therefore we decline to reach the merits of the claim.

## The Ineffective Assistance of Counsel Claims

Gordon alleges that the district court erred in denying his ineffective assistance of trial and appellate counsel claims. Gordon is entitled to a COA on these claims only upon making a substantial showing of the denial of a

---

[2] In addition, we note that Gordon's assertion contradicts the trial record in several respects. First, the jury convicted Gordon of larceny with regard to two dresses, not a comforter. Second, Holley testified that each dress was valued at $134. Third, Gordon did not testify at trial as to any value reflected in a catalog, nor did his attorney offer any evidence as to value. Indeed, Gordon did not testify at all.

constitutional right. *See* 28 U.S.C. § 2253(c)(2) (2000). Gordon can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Gordon has failed to meet this standard for several reasons. Initially, Gordon's application for a COA and brief contain nothing more than conclusory allegations that the district court erred in evaluating his ineffective assistance claims. Gordon asserts such error, states that the district court applied the incorrect law and erred in deciding the facts, and provides a citation to *Strickland v. Washington*, 466 U.S. 668 (1984). Though recognizing that we must liberally construe Gordon's pro se petition, "we are not required to fashion [Gordon's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *U.S. v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). Gordon's application for COA and brief provide no basis for determining what he finds objectionable about the district court's determinations as to the matters in question. Therefore, we find the statements

contained in these filings insufficient to constitute a substantial showing of the denial of a constitutional right.

Furthermore, with respect to Gordon's assertion that his trial counsel performed ineffectively, we are not persuaded by Gordon's argument to the district court that the court's determination of this issue is debatable. Gordon asserted that his attorney failed to present evidence that his codefendant, James Mann, acted alone in the larceny. Adopting the magistrate judge's recommendation on the issue, the district court found that Gordon failed to establish the prejudice prong of the two-part deficient performance and prejudice test established by *Strickland. See* 466 U.S. at 687. More particularly, the district court found that: (1) Gordon's trial counsel did argue that Mann acted alone; (2) a notarized statement authored by Mann and eventually submitted to the district court, which supposedly exonerated Gordon, in fact suggested that the two men worked together in the larceny; and (3) Mann's guilty plea implicating Gordon in the larceny could have been used to impeach Mann had he taken the stand and testified that Gordon was not involved.

Gordon also argued that trial counsel's performance was defective for failure to make a prima facie showing that the prosecutor exercised his peremptory challenge based on a prospective juror's race. The district court

-6-

found Gordon's conclusory allegations with respect to this claim insufficient to meet his burden under *Strickland. See* 466 U.S. at 689-90.

As Gordon offers no substantive argument as to why these otherwise permissible findings of the district court are either erroneous or debatable, we find Gordon has not made a sufficient showing to justify granting a COA.

Finally, regarding Gordon's claim to the district court that his appellate counsel was ineffective, we are similarly convinced that the conclusion reached is not debatable. Gordon argued to the district court that his appellate counsel was ineffective because he did not assert that Gordon's trial counsel was himself ineffective for failing to present evidence that Mann worked alone. The district court correctly recognized that where an ineffective assistance of trial counsel claim is without merit, appellate counsel's failure to raise trial counsel's performance does not constitute ineffective assistance of counsel. *See Miller v. Mullin*, 354 F.3d 1288, 1299 (10th Cir. 2004). Having found satisfactory the district court's determination that Gordon's trial counsel was not ineffective, we also conclude that the court's finding that appellate counsel was not defective for failing to raise trial counsel's performance is not debatable.

For the foregoing reasons, we DENY COA and DISMISS the case.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-7-