FILED
United States Court of Appeals
Tenth Circuit

October 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEROME KING, SR.,

        Petitioner-Appellant,

v.

DAVID PARKER, Warden,

        Respondent-Appellee.

No. 11-5085
(D.C. No. 4:09-CV-00319-JHP-PJC)
(N.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Jerome King, an Oklahoma state prisoner proceeding pro se, appeals the
district court's denial of his 28 U.S.C. § 2254 petition for habeas relief.[1]
Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY King's
request for a Certificate of Appealability (COA) and DISMISS this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Pro se filings are construed liberally. *See Van Deelen v. Johnson*, 497
F.3d 1151, 1153 n.1 (10th Cir. 2007).

## I. Background

An Oklahoma jury convicted King of Second Degree Rape in violation of Okla. Stat. tit. 21, § 1114 (2001), for the rape of a 15-year-old girl. In his direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), King made various claims, including ineffective assistance of counsel. The OCCA affirmed.

In 2008, King sought state post-conviction relief, claiming ineffective assistance of counsel. The court denied this petition, and King appealed to the OCCA. In that appeal he raised five allegations of ineffective assistance: (1) the trial counsel "ignored [King's] desire to waive a trial by jury in favor of a judge trial"; (2) trial counsel "refused to discuss or entertain [King's] defense to the charges"; (3) trial counsel "did no investigation what-so-ever"; and (4) trial counsel "did not subpoena certain defense witnesses for trial." R. at 207–08. King also claimed that he discovered a conflict of interest with his attorney only after the trial was over. The state court found these claims were not newly discovered evidence of the type that would entitle King to post-conviction relief.

In 2009, King filed an application for habeas corpus in federal court, which identified four grounds for relief: (1) he was "[d]enied counsel of choice in violation of the Sixth Amendment"; (2) he was "[d]enied conflict-free assistance of counsel in violation of the Sixth Amendment"; (3) he was "[c]onstructively denied the assistance of counsel in violation of the Sixth Amendment"; and (4) he was denied effective assistance of counsel because of twenty-two listed acts and

omissions at trial. King also asserted he attempted to fire his lawyer—and even went so far as to send a motion to change counsel to the court—but was told by his lawyer that he did not have the right to change attorneys. He did not raise this claim on direct appeal or when he applied for post-conviction relief in state court.

In a thorough decision, the federal district court denied his application for a writ of habeas corpus and denied his request for a COA.

## II. Discussion

The threshold issue here is whether King is entitled to a COA. Without a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where a state court has rejected a petitioner's constitutional claims on the merits—as is the case for some of King's claims—the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).

King's claims fall into two categories, those he already raised in front of the OCCA on direct appeal and those that he failed to raise. We address each in turn.

## A. Claims Already Adjudicated by the OCCA

Under the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), 28 U.S.C. § 2254(d)(1), a writ of habeas corpus "shall not be granted
with respect to any claim that was adjudicated on the merits in the State court
proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding."

28 U.S.C. § 2254(d)(1)(2).

The ineffective assistance of counsel claims which King properly raised are
governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*,
we first consider whether counsel's representation "fell below an objective
standard of reasonableness." *Id*. at 688. We then ask whether "there is a
reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different." *Id*. at 694. To establish deficient
performance, it is not enough for King to show that his attorney's strategy was
merely wrong, or his actions unsuccessful; he must demonstrate that the actions
his attorney took were "completely unreasonable." *Hoxsie v. Kerby*, 108 F.3d
1239, 1246 (10th Cir. 1997).

The one claim that falls in this category is King's contention his trial counsel was ineffective during cross-examination. He argues counsel elicited testimony regarding King's gun possession from witnesses even though gun testimony had not yet been introduced at trial. The OCCA found counsel's performance was a strategic attempt to discredit the witnesses' credibility, and was therefore not deficient under *Strickland*. Under AEDPA's deferential standard, we cannot conclude the OCCA unreasonably applied *Strickland*, especially given the strong evidence of King's guilt and the likelihood the prosecution would introduce the existence of the gun had King not done so. Moreover, counsel performance was not prejudicial: it is unlikely that "the result of the proceeding would have been different" if King's lawyer had not asked these questions. *Strickland*, 466 U.S. at 694.

King also attached to his petition for habeas corpus a long list of claims which he had raised on direct appeal. The district court rejected these because King did not include any factual support or legal argument. We agree. "Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

**B. Claims King Failed to Raise with the OCCA on Direct Appeal**

King also makes a number of allegations of ineffective assistance of counsel which he could have made to the state court on direct appeal but did not. He later raised some of these claims in state court when he sought post-conviction review, and raised still others for the first time in federal court in this petition.

The OCCA denied King's request for post-conviction relief for his claims that could have been raised earlier, including (1) trial counsel "ignored [King's] desire to waive a trial by jury in favor of a judge trial"; (2) trial counsel "refused to discuss or entertain [King's] defense to the charges"; (3) trial counsel "did no investigation what-so-ever"; and (4) trial counsel "did not subpoena certain defense witnesses for trial." R. at 207–08. The Oklahoma court found that all these claims could and should have been raised on direct appeal and are now procedurally barred.

If a claim is procedurally barred under state law then it cannot be raised in federal court, except under special circumstances.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This rule applies to claims which the OCCA has already found to be procedurally barred and to claims which

it would have found procedurally barred if King had attempted to bring them in state court. *Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002). In habeas cases involving ineffective assistance of counsel not raised on direct appeal, "the Oklahoma [procedural] bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone." *English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998).

King had different attorneys for the trial and direct appeal, giving him a second, independent opportunity to challenge trial counsel's performance. As to claims that require further record development, the procedural bar applies as long as "the applicable Oklahoma remand procedure was adequate." *Id*. at 1264–65. Here, King does not contend that Oklahoma's procedures were inadequate to allow him to supplement the record to support his claims.

King, therefore, may only bring the ineffective assistance of counsel claims that he did not raise in state court if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 724.

He raises one claim that might fall in this category—his attempt to change trial counsel. King has an explanation for why the attorney did not claim on direct appeal that he attempted to fire his attorney, that he tricked him into

believing this was not possible. According to King, after a dispute with his attorney about trial strategy he told his attorney that he was fired. The attorney replied, "You didn't hire me, you can't fire me." Aple. Br. at 2. King also claims he petitioned the trial court to dismiss counsel but his attorney told him that the court would ignore his petition. He now contends the trial court never filed the petition and that, reasonably relying on his attorney's representation, he did not learn about this failure to file until after the direct appeal was completed. The docket, however, shows that the petition was filed and later withdrawn. Given this posture, nothing prevented King from raising this claim on direct appeal.

The second exception, for a fundamental miscarriage of justice, is only available when a petitioner asserts a claim of actual innocence. *Sawyer v. Whitney*, 505 U.S. 333, 339 (1993). King does not claim to be innocent.

### III. Conclusion

For the reasons stated above, we DENY King's application for a COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge