**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. BROMLEY,

       Petitioner - Appellant,

v.

GREGORY A. PHILLIPS, Attorney
General of the State of Wyoming,

       Respondent - Appellee.

No. 13-8018
(D.C. No. 2:08-CV-00031-CAB)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Robert Bromley requests a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and

dismiss the appeal.

**I**

Bromley was convicted in Wyoming state court of delivery of a controlled

substance, possession of a controlled substance, and possession with intent to deliver a

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

controlled substance.  He filed a direct appeal in the Wyoming Supreme Court, which

affirmed his convictions and sentence.  Bromley then filed a § 2254 petition in federal

district court asserting three claims:  (1) violation of due process; (2) ineffective

assistance of trial counsel; and (3) ineffective assistance of appellate counsel.  The district

court stayed proceedings to allow Bromley an opportunity to exhaust claims two and

three.  Bromley filed a petition for post-conviction relief in state district court raising

these two claims.  The state court denied his petition, and the Wyoming Supreme Court

denied review.  Bromley then returned to federal district court, which granted the

government's motion to dismiss claim one as procedurally barred and granted summary

judgment in favor of the government on claims two and three.  The district court denied a

COA.  Bromley now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a

COA.  § 2253(c)(1).  We will issue a COA "only if the applicant has made a substantial

showing of the denial of a constitutional right."  § 2253(c)(2).  To satisfy this standard,

Bromley must demonstrate "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."  Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

## A

The district court concluded that Bromley's first claim is procedurally barred.  A

§ 2254 petitioner may not obtain relief in federal court unless he "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). The exhaustion requirement obliges a petitioner to "fairly present[]" his federal constitutional claim to the state court. Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006) (quotation omitted). Fair presentation "requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim." Id. (quotation omitted). "Fair presentation means that the petitioner has raised the substance of the federal claim in state court." Id. (quotation omitted).

We agree with the district court that Bromley did not fairly present his due process claim to the state courts. On direct appeal, Bromley argued that the trial court erred in admitting certain evidence of uncharged misconduct in violation of Wyo. R. Evid. 404(b). However, Bromley did not suggest that this claimed evidentiary error violated his federal constitutional rights. He did not use the words "due process" or discuss the elements of a due process claim. Although Bromley made two stray references to the denial of a "fair trial," these references were made in the context of his state law claim. The Wyoming Supreme Court, in its detailed analysis of Bromley's evidentiary error allegation, did not understand him to be raising a due process claim. Bromley's failure to discuss due process with respect to the 404(b) issue is particularly notable because he explicitly raised the due process issue elsewhere in his briefing. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (failure to raise due process claim "is especially pronounced in that respondent did specifically raise a due process objection before the state court based

- 3 -

on a different claim").  And because Bromley is now procedurally barred from raising his

due process claim in state court, see Wyo. Stat. § 7-14-103(a)(i), the district court

properly dismissed it with prejudice.

**B**

Bromley's ineffective assistance of counsel claims were presented to and denied

by the Wyoming state courts.  To prevail on these claims, Bromley must show that the

state courts' adjudication either "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented" or was "contrary to, or

involved an unreasonable application of, clearly established Federal law."  § 2254(d)(1),

(2).  A petitioner claiming ineffective assistance of counsel must demonstrate "that

counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment" and that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

Bromley first argues that his trial counsel was ineffective for failing to cross-

examine a government witness as to alleged inconsistencies between her trial testimony

and her prior statements to police.  Bromley notes that this witness:  (1) testified that she

purchased methamphetamine from Bromley on June 9, 2004, but had previously

identified the date as June 10; (2) testified that she attempted to purchase half a gram of

methamphetamine from Bromley for $60, but previously stated she purchased one gram

for $100; (3) testified that Bromley kept methamphetamine in a fanny pack but

previously stated that it was presented to her in a small clear jeweler-type bag; and (4) testified that she was twenty-five years old and had known Bromley since she was seventeen, but previously stated that she had known Bromley for about four years.

Bromley was charged with delivering methamphetamine to this witness "on or about" June 9, and thus any confusion as to the specific date would be immaterial. Similarly, the witness' statements regarding the length of time she knew Bromley were barely relevant. The Wyoming courts' conclusion that Bromley has not shown prejudice as to these issues is entirely reasonable.

We reach the same conclusion as to the inconsistent statements regarding the amount of methamphetamine the witness sought to purchase. Trial counsel effectively undermined the credibility of this witness on cross-examination, eliciting an admission that the witness was "delusional at the time" as a result of her methamphetamine use and provoking the witness to provide contradictory testimony on collateral issues. The state court reasonably concluded that the marginal decrease in credibility that cross-examination on this issue would have provided would not have affected the outcome of the proceeding. Further, the witness at issue was picked up near Bromley's home under the influence of methamphetamine and identified a fanny pack in which Bromley kept methamphetamine and bundles of cash in $500 increments—details confirmed by a search of Bromley's home just a few days later. Thus, we conclude that Bromley has not shown prejudice as to these statements.

We also agree with the state courts' conclusion that the witness' statements

regarding the location from which Bromley produced the methamphetamine were not inconsistent. At trial, the witness testified that Bromley "loaded a bowl" for her, but was not asked about the physical location from which Bromley produced the methamphetamine. The witness identified a fanny pack in which Bromley kept methamphetamine and cash, but this identification is not inconsistent with her prior statement that Bromley produced methamphetamine in a small plastic bag on the night in question. Counsel was not ineffective for failing to raise this claimed inconsistency.

Bromley also argues that his trial counsel was ineffective for failing to adequately investigate witnesses and for failing to adequately communicate with him. However, Bromley does not specifically explain how these alleged failures caused him prejudice and thus does not state an ineffective assistance claim. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (ineffective assistance claim fails "where [petitioner's] allegations are merely conclusory in nature and without supporting factual averments").[1] And we agree with the district court that Bromley has not demonstrated that the cumulative effect of his counsel's claimed errors caused prejudice. See Hooper v. Mullin, 314 F.3d 1162, 1178 (10th Cir. 2002) (cumulative error standard).

Finally, Bromley argues that his appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. Because we conclude that trial counsel was not

---

[1] Bromley does not claim a "complete breakdown in communication" with his attorney, which can give rise to a presumption of ineffectiveness. See Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000).

- 6 -

ineffective, this claim also fails.  See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995) ("When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue.  If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." (quotation and citation omitted)).

### III

We **DENY** Bromley's request for a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge