FILED
United States Court of Appeals
Tenth Circuit

January 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHELLY LYNN McELROY,

Defendant - Appellant.

No. 16-8097
(D.C. Nos. 2:16-CV-00074-NDF and
2:15-CR-00021-NDF-3)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Shelly McElroy, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the dismissal of her 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

McElroy pled guilty to conspiracy to possess with intent to distribute methamphetamine and was sentenced to 110 months' imprisonment. Pursuant to her plea agreement, McElroy waived her right to appeal. At a change of plea hearing, McElroy affirmed to the district court that she had reviewed the agreement with her attorney and she understood all of its terms. The court emphasized to McElroy that

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the plea agreement waived her right to appeal and that the Tenth Circuit routinely enforces such waivers. When asked if she understood this waiver, McElroy responded, "Yes, ma'am."

Final judgment was entered on September 25, 2015. McElroy subsequently filed a § 2255 motion alleging ineffective assistance of counsel because her attorney told her she could not appeal, presented no defense, and failed to share discovery materials. She also asserted insufficiency of the evidence and requested a sentence reduction under Johnson v. United States, 135 S. Ct. 2551 (2015). The district court dismissed each claim as lacking merit or insufficiently pled and denied a COA. McElroy now seeks a COA from this court.

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, McElroy must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

McElroy first argues that she is entitled to a sentence reduction under Johnson, which invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on due process grounds. This claim lacks merit. Not

only was McElroy sentenced after Johnson, but she was also not sentenced under ACCA or any of the sentencing laws that resemble ACCA.

Next, McElroy appears to argue that her sentence should be reduced based on an undefined sentencing disparity. Because she did not raise this argument before the district court, it is waived. See United States v. Lee Vang Lor, 706 F.3d 1252, 1256 (10th Cir. 2013). Moreover, McElroy was given a below-Guidelines sentence.

Finally, McElroy challenges the district court's dismissal of her ineffective assistance of counsel claims. A petitioner alleging ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's statement to McElroy that she could not appeal does not constitute ineffective assistance. McElroy's waiver of her right to appeal was knowing and voluntary. The waiver was explicit in her written plea agreement and she stated that she understood the waiver at her change of plea hearing. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (a valid waiver of appellate rights must be made knowingly and voluntarily). With regard to McElroy's claims that counsel failed to present a defense or share discovery materials with her, the district court determined that McElroy failed to provide any factual support for these allegations. No reasonable jurist would dispute this conclusion. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

3

## III

We **DENY** a COA and **DISMISS** the appeal.  McElroy's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge