FILED
United States Court of Appeals
Tenth Circuit

December 6, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff−Appellee,

v.

CARLOS ARMENDARIZ,

    Defendant−Appellant.

No. 11-2124
(D.C. Nos. 1:10-CV-00971-BB-WDS and
2:95-CR-00353-BB-5)
(D.N.M.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Carlos Armendariz, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. We deny a COA and dismiss the appeal.

**I**

After a two-day trial, a jury convicted Armendariz of possession of more than five

pounds of cocaine with intent to distribute and of conspiracy. He received a sentence of

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

324 months' imprisonment. This court affirmed his conviction on appeal. United States v. Armendariz, 349 F. App'x 323 (10th Cir. 2009) (unpublished).

Armendariz's § 2255 petition was initially reviewed by a magistrate judge, who construed the petition as raising two claims: (1) ineffective assistance of trial counsel; and (2) alleged error in the trial court's replacement of a sworn juror with an alternate. The magistrate judge recommended that the petition be denied because Armendariz procedurally defaulted on the juror claim and his pleadings lacked the specificity required to establish that his counsel was deficient under Strickland v. Washington, 466 U.S. 668 (1984). Despite Armendariz's objections, the district court adopted the magistrate judge's recommendations in full.

In his application for a COA, Armendariz attempts to flesh out his ineffective assistance of counsel claim with additional facts. He does not address his second claim concerning the replaced juror.

## II

A petitioner must first obtain a COA to appeal the denial of a § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

In order to succeed on an ineffective assistance of counsel claim, a litigant must show that his counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that his counsel's deficiencies influenced the outcome of the proceeding. Strickland, 466 U.S. at 694. "Although we must liberally construe [petitioner's] pro se petition, we are not required to fashion [petitioner's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). Armendariz's petition is wholly lacking the facts required to establish either element of a constitutional ineffective assistance of counsel claim. For example, he alleges that his trial counsel did not properly advise him of the potential sentence he faced. He does not specify, however, what trial counsel did or did not tell him. Similarly, Armendariz implies that but for this omission by trial counsel, he would have pleaded guilty, but he does not say if a potential plea deal existed or was unknowingly refused. Without this basic information, his petition does not state a viable claim under Strickland.

We are also not persuaded by the additional legal theories and allegations contained in Armendariz's objection to the magistrate judge's recommendation and his application for a COA. Some of these allegations are novel and were not presented in Armendariz's original habeas petition. We decline to reach the merits of these claims.

See United States v. Garfinkle, 26 F.3d 1030, 1031 (10th Cir. 2001) (arguments first made in response to magistrate's report are waived); Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999) (issues cannot be raised for first time on appeal).  To the extent that these submissions address the issue raised in his original petition—that counsel was ineffective at the plea stage—these materials also fail to provide the necessary factual specificity to state a cognizable claim.

### III

We **DENY** a COA and **DISMISS** the appeal.  We **GRANT** Armendariz's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge