**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES LEWIS,

    Defendant - Appellant.

No. 15-1394
(D.C. Nos. 1:11-CV-01537-REB and
1:04-CR-00103-REB-4)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Charles Lewis, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring a COA to appeal an order denying a § 2255 petition). Mr. Lewis also requests

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe a pro se litigant's filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we

deny both requests and dismiss this matter.

## I. **BACKGROUND**

In 2007, Mr. Lewis was convicted of conspiracy, mail fraud, wire fraud, securities

fraud, and money laundering. He was sentenced to 360 months in prison. At trial, the

Government presented evidence to show that Mr. Lewis and his coconspirator, Norman

Schmidt, operated a fraudulent scheme to solicit investments. We affirmed his

convictions and sentence on direct appeal. *United States v. Lewis*, 594 F.3d 1270 (10th

Cir. 2010).

In 2011, Mr. Lewis moved under 28 U.S.C. § 2255 to vacate, set aside, or correct

his sentence. He argued ineffective assistance of trial and appellate counsel and that

newly discovered evidence showed he was not knowingly involved in fraud.[2]

The district court ruled that Mr. Lewis's claims failed on the merits, denied his

motion, and refused to issue a COA.[3]

---

[2] The district court understood one of Mr. Lewis's arguments as challenging the sufficiency of the trial evidence for money laundering. We construe this argument to be part of his ineffective assistance of trial counsel claim. But if this argument challenges only the sufficiency of the evidence, it should have been raised on direct appeal and is procedurally barred here. *See Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004) ("[H]abeas proceedings 'are not available to test the legality of matters which should have been raised on direct appeal.'") (quoting *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)).

[3] The district court also disposed of several claims as time-barred, denied Mr. Lewis's motion for discovery and to extend time, and denied his motion to amend.

## II. **DISCUSSION**

Mr. Lewis limits his COA request to two issues. First, he argues that his trial counsel's failure to investigate, interview, and call witnesses at trial deprived him of his Sixth Amendment right to effective counsel. Second, he claims newly discovered evidence proves his innocence.

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir.2010); *see also* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Mr. Lewis must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He may do so by "showing that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

### A. *Ineffective Assistance Claim*

To establish ineffective assistance of counsel, a § 2255 movant must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the case would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

To show sufficient prejudice, the movant must establish that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* (quotations omitted). "Establishing a reasonable probability of a different outcome requires something less than a showing counsel's deficient conduct more likely than not altered the outcome in the case. Instead, a reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* (quotations omitted). "[M]ere speculation is not sufficient to satisfy this burden." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

Mr. Lewis argues that his trial counsel should have investigated his deposit of a $55,000 check made out to him in August 2002, which formed the basis of his money laundering conviction. He contends that counsel should have discovered that (1) Norman Schmidt induced him to do this; (2) a real estate attorney and an accountant informed Mr. Lewis of the fraud in 2003, prompting him to report the fraud to the office manager of Capitol Holdings, LLC, the company founded by Mr. Schmidt; (3) Mr. Lewis told the manager to stop all transactions with investors; (4) he tried to set up a meeting with others in the company to discuss what he had discovered; and (5) he intended to investigate whether the company was truly engaging in fraud. He does not explain why he could not have provided much of this information to counsel in the first place.

Mr. Lewis further contends that a proper investigation would have led to finding witnesses who would have supported his theory that he could not have laundered money in 2002 because such a crime involves knowing the money is derived from unlawful activity. *See* 18 U.S.C § 1956 (money laundering includes "knowing that the property

- 4 -

involved in a financial transaction represents the proceeds of some form of unlawful activity"); *United States v. Edgmon*, 952 F.2d 1206, 1213 n.2 (10th Cir. 1991). Mr. Lewis contends he had no knowledge the $55,000 check he deposited in 2002 was derived from the fraudulent scheme.

The district court determined that, assuming defense counsel's performance was deficient, Mr. Lewis failed to show prejudice:

> The conspiracy and fraud offenses which constituted the underlying unlawful activity for Count 41 took place between April 1999 and the time the check was cleared on August 15, 2002. The record contains ample evidence of the long-term involvement of both Mr. Lewis and Capitol Holdings, LLC in the conspiracy. The record contains ample evidence of the knowing involvement of Mr. Lewis in clearing the check from Capital Holdings to Mr. Lewis on August 15, 2002. Further, the record contains ample evidence that Mr. Lewis knew these funds were derived from the unlawful activity of mail fraud, wire fraud, and securities fraud in which he, Capital Holdings, LLC, and others were involved.

ROA at 410.

In his appellate brief requesting a COA, Mr. Lewis does not contest the district court's conclusion that there was ample evidence of his involvement in the fraudulent scheme before 2002 to support his money laundering conviction. He therefore cannot show reasonable jurists could debate the district court's determination that he failed to show prejudice. *Slack*, 529 U.S. at 484. We therefore deny a COA on his ineffective assistance of counsel claim.

### B. *Newly Discovered Evidence Claim*

"When claiming newly discovered evidence, the petitioner must show that due diligence on his part could not have revealed the evidence prior to trial and that the

evidence would have likely led to a different result." *Klein v. United States*, 880 F.2d 250, 253-54 (10th Cir. 1989) (quotations omitted).

In district court, Mr. Lewis sought to show he was not involved in the fraudulent scheme by producing (1) affidavits from Mr. Schmidt attesting to Mr. Lewis's innocence and (2) affidavits from prisoners acquainted with Mr. Schmidt, stating they heard Mr. Schmidt tell them Mr. Lewis is innocent.

The district court determined that, even if the information in the affidavits could be considered newly discovered, Mr. Lewis cannot show the evidence would lead to a different result in light of the trial evidence showing Mr. Lewis's involvement in the fraudulent scheme.

Once again, Mr. Lewis's brief to this court does not challenge the district court's determination that, based on the evidence presented at trial, the newly procured affidavits would not have changed the result of his case. He is therefore unable to show that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted). We again deny a COA.

## III.  **CONCLUSION**

We deny Mr. Lewis's application for a COA and dismiss this matter.  We also deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge