FILED
United States Court of Appeals
Tenth Circuit

January 26, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC JOSE BARNETT,

      Petitioner - Appellant,

v.

CARL BEAR, Warden,

      Respondent - Appellee.

No. 15-7065
(D.C. No. 6:12-CV-00204-JHP-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON, MURPHY**, and **PHILLIPS**, Circuit Judges.

Petitioner Eric Barnett, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus.  *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal denial of a § 2254 application).  Exercising jurisdiction under

---

    * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Although we liberally construe a pro se litigant's filings, *see Erickson v. Pardus*,
551 U.S. 89, 94 (2007), we may not "assume the role of advocate," *Yang v. Archuleta*,
525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for
him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

28 U.S.C. § 1291, we deny a COA and dismiss this matter.

## I. BACKGROUND

Mr. Barnett is serving a 23-year sentence for second-degree felony murder. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct appeal and denied Mr. Barnett's application for an evidentiary hearing on his ineffective assistance of counsel claim. Mr. Barnett petitioned for rehearing. The OCCA granted the petition and denied relief.

Mr. Barnett then filed a § 2254 petition in federal district court, raising seven grounds for relief. On September 25, 2015, the district court denied the petition and declined to issue a COA. Mr. Barnett now seeks a COA from this court to appeal three issues he raised in district court: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, and (3) the trial court's failure to instruct the jury on self-defense or the lesser-included offense of first-degree manslaughter.

## II. DISCUSSION

### A. *Standard of Review and Legal Background*

A COA is necessary to appeal from a district court's denial of a § 2254 habeas petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, Mr. Barnett must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He may do so by "showing that reasonable jurists could debate whether . . . the [motion] should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

When, as here, a state court has decided the petitioner's claim on the merits, we make this COA determination by "look[ing] to the District Court's application of AEDPA to petitioner's constitutional claims and ask[ing] whether that resolution was debatable among jurists of reason." *Miller-El*, 537 U.S. at 336. AEDPA provides that federal courts cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## B. *Analysis*

The district court thoroughly examined Mr. Barnett's grounds for relief and prepared a well-reasoned order denying his petition and COA request. In his brief to this court, Mr. Barnett cites the state-court briefing and record and makes cursory arguments that do not challenge the specific reasoning of the district court.

Although we construe Mr. Barnett's pro se filing liberally, we cannot serve as his advocate. *Pinson*, 584 F.3d at 975. It is insufficient for a COA applicant to incorporate previous filings by reference rather than explaining the specific basis for the appeal. *See Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (holding that a pro se appellant could not incorporate pleadings into his appellate brief rather than explaining

his arguments and that his "pro se status does not except him from such established rules"). Local Rule 28.4, which applies equally to pro se litigants, expressly prohibits "[i]ncorporating by reference portions of lower court . . . briefs." 10th Cir. R. 28.4; *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (stating Federal Rule of Appellate Procedure 28 applies equally to pro se litigants).

Mr. Barnett has not explained why the district court's resolution of his claims was faulty and has therefore failed to carry his burden. In addition, we conclude based on our independent review of the record, and for substantially the same reasons given in the district court's order, that no reasonable jurist could debate the correctness of the court's ruling.

## III. **CONCLUSION**

For the foregoing reasons, we deny Mr. Barnett's application for a COA and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge