FILED
United States Court of Appeals
Tenth Circuit

**February 2, 2022**

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appelle,

v.

JUAN MANUEL LOPEZ-GARCIA,

    Defendant - Appellant.

No. 21-3109
(D.C. Nos. 2:18-CV-02448-JAR,
2:14-CR-20071-JAR-7)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BACHARACH**, **MURPHY,** and **CARSON**, Circuit Judges.

---

This matter is before the court on Juan Manuel Lopez-Garcia's pro se

request for a certificate of appealability ("COA").  He seeks a COA so he can

appeal the denial of his 28 U.S.C. § 2255 motion.  *See* 28 U.S.C. § 2253(c)(1)(B)

(providing no appeal is allowed from a "final order in a proceeding under section

2255" unless the movant first obtains a COA).  Because he has not "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial, Lopez-Garcia was convicted of conspiring to possess

with the intent to distribute more than fifty grams of methamphetamine and of

possessing firearms as an illegal alien.  The trial court sentenced Lopez-Garcia to a life term on the conspiracy count and ten years' imprisonment on the firearms conviction.  On appeal, Lopez-Garcia challenged the reasonableness of his sentences, but this court affirmed.  *See generally United States v. Lopez-Garcia*, 713 F. App'x 785 (10th Cir. 2017).  Thereafter, Lopez-Garcia filed the instant § 2255 motion, raising numerous challenges to his convictions and sentences.

In an exceedingly comprehensive and well-stated order, the district court denied Lopez-Garcia's request for collateral relief.  The district court concluded the majority of the issues raised in Lopez-Garcia's § 2255 motion were procedurally barred because he did not raise them on direct appeal.  Nevertheless, the district court thoroughly examined each of the issues and concluded they failed on the merits.  As to the claims raised by Lopez-Garcia that were not subject to procedural bar—his claims of ineffective assistance of counsel—the district court concluded that, with the exception of a single claim, all were so lacking in supporting facts that they failed to state a viable claim.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  Finally, the district court concluded that Lopez-Garcia's claim that his appellate counsel should have raised claims of ineffective assistance of trial counsel on direct appeal was supported by sufficient factual averments.  It concluded the claim failed, however, because this court's precedents make clear that almost all such claims should be raised in collateral proceedings.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th

-2-

Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."); *Fairchild v. Trammell*, 784 F.3d 702, 715 (10th Cir. 2015) ("To prevail on a claim of ineffective assistance of appellate counsel, a defendant must establish that counsel was objectively unreasonable in failing to raise or properly present a claim on direct appeal, and that there is a reasonable probability that, but for this unreasonable failure, the claim would have resulted in relief on direct appeal.").

Lopez-Garcia seeks a COA so he can appeal the district court's resolution of his § 2255 motion.  The granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Lopez-Garcia must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (quotations omitted).  In evaluating whether he has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith."
*Id.*

Having undertaken a review of Lopez-Garcia's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Lopez-Garcia is not entitled to a COA. In so concluding, this court has nothing to add to the district court's cogent, thorough order denying Lopez-Garcia's § 2255 motion. Accordingly Lopez-Garcia's request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-